**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 20-4311**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LACEY MOORE,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Irene C. Berger, District Judge. (2:19-cr-00303-1)

───────────

Submitted: March 1, 2021      Decided: March 18, 2021

───────────

Before MOTZ, WYNN, and HARRIS, Circuit Judges.

───────────

Vacated and remanded by unpublished per curiam opinion.

───────────

Wesley P. Page, Federal Public Defender, Jonathan D. Byrne, Assistant Federal Public Defender, Rhett H. Johnson, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant. Michael B. Stuart, United States Attorney, Kristin F. Scott, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lacey Moore appeals his sentence of 12 months' imprisonment and a 3-year term of supervised release following his guilty plea to escape, in violation of 18 U.S.C. § 751. In his presentencing memorandum, Moore raised three arguments in support of a lower sentence. Namely, Moore argued that: (1) the advisory Sentencing Guidelines range overstated the seriousness of his offense; (2) the United States Marshal Service recommended against prosecution because of the short amount of time remaining on Moore's sentence at the time he walked away from the halfway house; and (3) the Guidelines fail to adequately distinguish between an individual who escapes at the beginning of a sentence versus near the end of a sentence. On appeal, Moore alleges the district court failed to address these three arguments in fashioning his sentence and that his sentence is therefore procedurally unreasonable. For the following reasons, we vacate Moore's sentence and remand for resentencing.[*]

"We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir.), *cert. denied*, 141 S. Ct. 687 (2020). In announcing a sentence, the district court "must make an individualized assessment based on the facts presented and must state in open court the particular reasons supporting its chosen sentence." *United States v. Provance*, 944 F.3d

---

[*] Although Moore has completed his period of incarceration, he remains on supervised release; therefore, this appeal is not moot. *See United States v. Ketter*, 908 F.3d 61, 65 (4th Cir. 2018) (holding appeal of sentence after release from incarceration to supervised release not moot because incarceration and supervised release are part of a unitary sentence).

2

213, 218 (4th Cir. 2019) (internal quotation marks omitted). The court "must address the parties' nonfrivolous arguments in favor of a particular sentence, and if the court rejects those arguments, it must explain why in a sufficiently detailed manner to allow [us] to conduct a meaningful appellate review." *United States v. Blue*, 877 F.3d 513, 519 (4th Cir. 2017). Indeed, we may not "assume that the court has silently adopted arguments presented by a party," *Nance*, 957 F.3d at 214 (internal quotation marks omitted), or "assume that a sentencing court truly considered a defendant's nonfrivolous arguments or his individual characteristics when the record fails to make it patently obvious," *Blue*, 877 F.3d at 521 (internal quotation marks omitted).

Where the district court addresses the defendant's "central thesis" in mitigation, it need not "address separately each supporting data point marshalled on its behalf." *Nance*, 957 F.3d at 214. Nonetheless, the court's failure to give "specific attention" to nonfrivolous arguments produces a procedurally unreasonable sentence. *United States v. Lewis*, 958 F.3d 240, 245 (4th Cir. 2020) (internal quotation marks omitted). "At bottom, [we] cannot substitute our assessment of the record for the district court's obligation to explain its rationale in the first instance." *Id.* at 244 (internal quotation marks omitted).

After reviewing the record, we conclude that Moore's sentence is procedurally unreasonable. Although the district court referenced the 18 U.S.C. § 3553(a) factors and explained its reservations given Moore's repeated supervised release revocations, it failed to address any of Moore's three arguments for imposing a lower sentence. To the extent the court may have intended to address Moore's arguments at the sentencing hearing, it is not sufficiently clear and would require that we impermissibly guess at the court's

rationale. *See United States v. Ross*, 912 F.3d 740, 745 (4th Cir. 2019). Because the court failed to give "specific attention" to Moore's nonfrivolous arguments, the resulting sentence is procedurally unreasonable. *See Lewis*, 958 F.3d at 245.

To avoid reversal, the Government must demonstrate that this procedural error is harmless, which requires "pro[of] that the error did not have a substantial and injurious effect or influence on the result." *Ross*, 912 F.3d at 745 (internal quotation marks omitted). We conclude that the Government failed to meet this burden. Here, as in *Ross*, we "cannot look at the district court's comments and determine that the explicit consideration of [Moore's] various mitigating arguments would not have affected the ultimate term of confinement imposed." *Id.*

Accordingly, we vacate Moore's sentence and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*